United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41136
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN ARREDONDO-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-282-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Adrian Arredondo-Rodriguez appeals from his guilty plea conviction and 46-month sentence for being an alien found unlawfully in the United States after deportation and following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Arredondo-Rodriguez argues that his sentence "is contrary to [United States v. Booker, 543 U.S. 220 (2005)] and unreasonable as a matter of law." He contends that this court's post-Booker decisions have effectively reinstated the mandatory guideline scheme condemned by Booker and further argues that,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

post-Booker, a district court in imposing sentence should be allowed to disagree with policy decisions of the Sentencing Commission.

Post-Booker, appellate courts are to review sentences for reasonableness. Booker, 543 U.S. at 261-63; United States v. Mares, 402 F.3d 511, 518 (5th Cir. 2005). "If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." Mares, 402 F.3d at 519. "Given the deference due the sentencing judge's discretion under [Booker], it will be rare for a reviewing court to say such a sentence is 'unreasonable.'" Id. Arredondo-Rodriguez identifies no error in the guidelines calculations, and he was sentenced at the low end of the applicable guidelines range. We conclude that Arredondo-Rodriguez's sentence was reasonable. See id. at 519-20.

Arredondo-Rodriguez's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Arredondo-Rodriguez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410

F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Arredondo-Rodriguez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.